payment. The government on that point says that the tax court didn't have jurisdiction to consider the request for the return of the $80,000. What's your answer to that? Well, the tax court had jurisdiction over all matters occurring in the collection due process case. This payment was submitted during the collection due process appeal, and there is, in fact, no remedy in any other place. So I think the tax court has to have jurisdiction over this. I guess I'm not sure that's correct. That's really the question I have here is that the $80,000 was a payment of tax, and it seems that the remedy for claiming you should have your taxes refunded is in a different court, is it not? Well, a suit for refund is typically in the district court. But in this case, it's a well-known Supreme Court precedent says you have to pay all of the tax before you can sue for refund or even file a claim for refund in district court. And in the context of an offer in compromise, the whole purpose of the offer in compromise is you're never paying your whole tax. That's what an offer in compromise does. So the refund remedy in the district court will never work in this context. And it's really a contractual issue relating to the offer in compromise, which I believe the tax court does have jurisdiction. But what is the basis? What's the statutory basis for that? The statutory basis is the tax court's jurisdiction to review the tax. Go ahead. Go ahead. I'm sorry. I'm sorry. Judge Bress, were you done? You go. You go, Judge Hurwitz. Let me ask you a different question. You say the only thing in the record that supports the notion that the offer was considered was this checked box. But I do seem to see in the record, for example, the Long Beach branch office saying, wait a minute, there's another proceeding pending or an investigation pending. We ought not accept this offer until the end of that investigation. And then there's another reference to a second proceeding that's going on. It does appear to me there's more in the record than simply this one document about consideration of the offer. Whether or not they correctly turned it down or not isn't the issue for us. The issue is whether they considered it. So why isn't that relevant? Right. Well, I agree with you totally that the question is whether or not they considered it as the issue, not whether it was a good decision. But if you look more closely at the record of what the Long Beach offer group did, the only thing they did was look at this form and decide that because Fox, who completed the form and was the revenue officer whose actions were being appealed, because she said she had an investigation, they shut down the offer and compromise without looking at anything further. It's a little bit confusing if you're looking at the case history, because the case history in these pages has some entries from Fox and some entries from the person, the offer specialist that was actually looking at it. No, no, the offer specialist was Mr. Bennett, who was in the Long Beach offer group. So he has only two entries. On February 9th, he looked at, he picked up the file and looked at it, saw this form from Fox in the file, contacted Fox and Fox said, yes, I completed that form and these are the concerns that I have. But that's, stop there for a second. So they had a discussion. Fox explained to him the concerns that she had and the offer in compromise was returned. It may not have been the most mature consideration or deliberations like we expect from the Supreme Court, but wasn't that at least evidence that the offer had been considered? May have been turned down for the wrong reasons, but it was considered, wasn't it? No, it wasn't. It wasn't actually considered because what Mr. Bennett did after he spoke to Fox is he talked to his manager and the manager essentially said, if Fox says don't consider it, then we won't consider it. And so I have a hard time finding how that could be consideration when really the only thing that happened was a decision not to consider. Well, did Fox consider it? Fox did not consider it. She was not in the chain. Somebody looked at it and said, we shouldn't grant this offer, take this offer because there's a pending proceeding. Isn't that consideration? No, the only evidence of a pending proceeding was essentially this one page form. There's a stipulation in this case that this proceeding was pending. So there is evidence that there was a pending proceeding. Well, but this is the exception that swallows the rule because if the revenue officer whose actions are being appealed can keep open a case and therefore the appeal can never go forward, then you've just written the collection due process rules out of the coat because that's easy. And that's really the problem in this case is that the IRS basically let Fox veto the collection due process appeal. Mr. Mather, I don't know if you wanted to save some time for rebuttal. My clock disappeared, so I'll save whatever. Can I ask just one quick question? Did you raise the question of returning the TIPRA payment back directly to Officer Nguyen? Yes, I did. And her response was, I don't think I can do that. You don't get it back. Yeah, I mean, the offer form says you don't get it back. Okay. Well, we'll save the rest of your time for rebuttal. Okay, can you tell me how much that is? Sure, you have a little over two minutes. Okay, all right, thank you. And we'll hear from Mr. John Choi. May it please the Court, I'm the Commissioner of Internal Revenue, the respondent aptly in this case. This is an appeal of a collection due process case in which the taxpayer is liable. Therefore, this Court, like the tax court, should review the appeal's office determinations for an abuse of discretion. We'd ask this Court to find that the tax court did not err in upholding the IRS Office of Appeals determinations to sustain the filings of the notices of tax lien. We'd ask the Court to reject Mr. Brown's argument that his offer was automatically accepted by Section 7122F, and this Court should find that TIPRA payments are not refundable in speed of receipt. On that last issue, so I'm sorry, Judge. No, go ahead, Judge I was going to ask about the, again, back to this third issue on the return of the payment, and I guess you've raised this jurisdictional issue, so why is, why doesn't the tax court have jurisdiction in the sense that this is, one could say maybe this is part of the determination? Well, we feel that the tax court, as a court of limited jurisdiction, needs to be explicitly granted jurisdiction over this issue. The issue it was granted jurisdiction over was the imposition of the notices of tax lien. It was not granted refund jurisdiction, and that sort of goes back to the history of the tax court, that for many decades, the tax court had no refund jurisdiction even in deficiency proceedings. Later, Congress explicitly authorized a limited refund jurisdiction for deficiency proceedings. Council, doesn't the tax court have jurisdiction over offers and compromise, and why is that TIPRA fund not part of that offer and compromise? I think the offer, it's certainly related to the offer and compromise. The tax court only has jurisdiction over an offer, over the consideration of an offer and compromise that is made as part of a question due process proceeding. That's what happened here, though. Yes, but I don't believe that would allow them to, that would allow the tax court to order the refund of the payment. The payment was owed. There's no, there's no, but the payment was submitted as part of the offer and compromise. Why, why can't the tax court have jurisdiction over that? Well, I think the tax court could if it were explicitly authorized. We have a secondary argument that's not just jurisdictional there, which is that there is a difference between a deposit and a payment. You know, in a technical sense, a deposit is something that you get back if the offer were not accepted, whereas a payment is not, and the TIPRA amendment specifically added a requirement of a 20 percent payment, which was contrary to the prior practice which had been submitting deposits. So let me, I want to understand, I want to stand the government's position on this and put aside the merits of this case. I just want to focus on the jurisdictional issue. I understand you're required to put down a good faith deposit, correct? Yes. And let's assume that as a result of the collection process proceedings, the IRS determines that the taxpayer actually owes less than the good faith deposit. Well, that's not this case, so you don't have to go back and say that's not true here. Let's assume he makes, the taxpayer puts down a good faith deposit and makes an offer in compromise 20 percent less than the good faith deposit. And you go through the proceedings and the IRS concludes he's right. He only owes 60,000. We made him put down 80,000. Does he then have to sue to get the 20 back? Well, let me first correct my prior answer, which is to say I still think there's a difference between a deposit and a payment, but understanding that the taxpayer... So make it, call it whatever you, call that whatever you want. Call this $80,000, whatever you want. But at the end of the process, the IRS administrative appeal says, my God, he's right. He only owes 50,000. We made him put down 80,000 because that's the law. Now, you can't hand him back the other 30? He has to go sue for it? Well, actually, your honor, my answer would be that I think that the other 30 would be returned as a matter of course. His account would show, that year would show an overpayment. If there were not amounts owed for other years that would need to be offset, then I think that amount would be automatically refunded. If that amount was not automatically refunded, the taxpayer could file a claim for refund. And that claim for refund would almost certainly be granted. In the unlikely event that both of those processes didn't result in the refund, then the taxpayer could sue. But I think that an account, provided there's no other... You don't think the tax court on an appeal, affirming the actions of the IRS hearing officer, could say to the IRS, I order you to give him back that 30? That's right. I don't think that question was actually before the appeals officer as part of a collection due process proceeding. So it wasn't a question the tax court could review. And the tax court has not been explicitly authorized to order refunds in CDP proceedings. Well, in this case, to be fair, that's why I said take yourself out of this case. The offer was rejected. And so the question is, when an offer is rejected, if it was appropriately rejected, do you hold on to the payment or the good faith deposit? That's a different question than whether or not the court has jurisdiction to over that deposit if it makes other determinations, isn't it? Yes. Yes, I think that would be slightly different. But even if the court had jurisdiction, the issue would have to be pending before the court. And I'm not sure the issue was. But let me move on for one second to make an additional point about this. I think that there's some argument here that this is an unduly harsh result. I think the terms of the offer, though, were very clear that that money would be retained. And so I don't think there was any sort of fraud. But secondly, there is an ability to and the floor of full payment rule only only only applies to each incremental tax year. So you only have to full pay a year in order to file for a refund. You don't have to full pay all of the possible years of liability. And in fact, if Mr. Brown had designated his payment to at least one of the two years at issue here, he would have full paid at least one of the years. And the two years at issue in this case are much smaller than all of his other tax liabilities. With not very much more money, he probably could have full paid both years. Now, it seems to me it seems to me what you're now addressing is whether on the merits he deserved to get this deposit back. But that's a different issue, it seems to me, than whether the court had jurisdiction, the tax court or the IRS had jurisdiction to give him the money back in these proceedings. Yes, Your Honor, I think it is a different question. I think all we can say on the jurisdictional question is that there has not been an explicit authorization. When Mr. Brown, but before he made the $80,000 payment, before he initiated this process, was he given any notice that this offering compromise maybe wouldn't be accepted just based on some of these other open proceedings, open investigations? Yes, Your Honor. And in fact, Appeals Officer Wynn informed them that there was a discussion regarding the Tefra audits. And it was it was it was at least discussed that the offer may be returned due to those Tefra audits. But I mean, at that point, was he in essentially a rock and a hard place where he in order to avoid the lien, he nonetheless really did have to go forward with his offering compromise? Um, I suppose I suppose he could have also paid off the amount. But I apologize. I think the answer to your question may be maybe yes, if you're trying to avoid the imposition of a lien, the only two ways to do it would be to counsel. Do you agree that Mr. Brown squarely asked Officer Wynn for the return of the Tefra payment? I'm actually not sure if that request was made, but assuming it was made, I still don't think Officer Wynn was able to grant that request. Thank you. I'd like to briefly touch on the investigation and point out a couple of things in the record. The administrative record demonstrates there was an ongoing tax investigation and that there's nothing in the record that suggests it was not done in good faith or is not a bona fide investigation. But the record does provide some indication as to why the investigation was going on so long. The Long Beach Group, in its case history, notes the taxpayer first filed the CDP on December 4, 2012, and that it was just recently closed. And then he filed an offer, so collections hands have been tied. The Long Beach Group, again in their case history at 665, says the taxpayer has been in appeals twice since December 4, 2012, and that has hindered the RO's enforcement. Appeals Officer Wynn has a similar note. And so I think the record actually shows that Mr. Brown's procedural maneuvers, while he's certainly entitled to do them, those actions have slowed the investigation. Thank you, counsel. Your time has expired. Back to Mr. Mather. You have, by my calculations, the clock is going to change. Two minutes and eight seconds. And we won't start it until you take off your mute button. All right. Sorry. Okay. I'd like to address a couple of the points that came up when the government was speaking. First off, the last point about a prior appeal hindering Ms. Fox's investigation. Just to give it a little context, she started this investigation in 2012 and claimed that it was still ongoing in 2017 when this appeal was being considered. But the fact is, is that nothing in the appeals that Mr. Brown had filed before in any way prohibited Ms. Fox from conducting an investigation. It may have impaired her ability to do actual collections, but it in no way hindered her ability to do an investigation. So we have a situation where the investigation has been going on for five years almost by the time that Ms. Nguyen is making the determination in this case, and Ms. Fox is still investigating and still basically blocking any other resolution of this case. And I might add, that status continues to this day. She is still blocking it and she's still investigating it four years later. So what is this statute supposed to do? The statute is supposed to give another part of the IRS independent authority to review what Fox is doing and say, we think something else should be done. That didn't happen in our case. Let me ask you a question on that. Let me ask you a question on that, Mr. Mather, because I want to be sure I understand the nature of the proceedings. What's going on is the opportunity to look at the manner in which the IRS is conducting collection, right? This is not a second bite at disputing the underlying tax liability. Not at all. So what's so wrong with saying, give me a good faith deposit against your tax liability, which is non-refundable. If you want us to proceed on this, in effect, supplemental action, and if it doesn't work, you've paid off some of your taxes. What's wrong with that? Well, that's the rule. There's nothing wrong with that. But I didn't get the benefit of my bargain because they let Fox stop the investigation. Yeah, but I guess when I'm thinking of the benefit of your bargain, you owed the money or your client owed the money. He made a partial payment against it. Maybe we can get back to whether or not they correctly went through the process, but I don't understand how that entitles you to your tax liability back. That's, I guess, my question. Well, I'm really not after the $80,000. I want this offer in compromise accepted because they wrongfully refused to look at it and 24 months has passed and it is accepted by operation of the statute. Thank you. I thank both counsel in this case for their briefing and arguments and the case will be submitted. Thank you.
judges: Hurwitz, Bress, Bumatay